**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  July 10 2013**

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-31991 |
| | ) | |
| Don Kenneth Ketchum and | ) | Chapter 13 |
| Staci Ann Ketchum, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE OBJECTION TO CLAIM

The matter before the court in this case is Debtors' objection to Claim No. 22 of PHH Mortgage Corporation ("PHH"), [Doc. # 59], and PHH's response, [Doc. # 62]. The basis for Debtors' objection is that PHH filed its claim late. PHH argues that it should be permitted to rely for allowance of its claim on a separate order resolving an adversary proceeding commenced by Debtors against it in which the parties agreed that  "[t]he lien on mortgage held by PHH Mortgage Corporation will be treated as an unsecured creditor and the lien will stripped [sic] upon successful completion of the pending Chapter 13 Plan." [Adv. Pro. No. 11-03168, Doc. # 11].  At the hearing on the objection, the parties agreed that the record for decision on the objection would consist of the Chapter 13 case docket and record, the Claims Register in this case  and the docket and record in the related Adversary Proceeding No.11-01368 in this court, captioned Don Kenneth Ketchum and Staci Ann Ketchum, as plaintiffs, versus PHH Mortgage Corporation, as defendant.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case

under Title 11.  It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio.  Proceedings involving allowance or disallowance of claims are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B).

Debtors filed this Chapter 13 case on April 11, 2011.  The notice of commencement of the case issued by the Clerk stated as follows with respect to the bar date for filing claims for non-governmental units:

> Papers must be received by the bankruptcy clerk's office by the following deadlines:
> **Deadline to File a Proof of Claim**
> For all creditors (except a governmental unit): **August 8, 2011**

[Doc. # 7].

Debtors listed PHH on their Schedule D as holding an unsecured claim for $110,000 based on a second mortgage on their residential real estate at 581 N. McClure Rd., Lima, OH 45801. [Doc. #1, p. 17/54].  Debtors also listed a first mortgage on their property in favor of Citizens National Bank of Bluffton, Ohio, securing a debt for $204,464.96. [*Id.*].  They scheduled their residential real property with a value of $180,000.00 against the $314,464.96 of first and second mortgage debt encumbering it.  [Doc. #1, Schedule A, p. 10/54, and Schedule D, p. 17/54].  In their proposed Chapter 13 Plan, also filed on April 11, 2011, Debtors specified the following treatment of the PHH claim:

> **PHH Mortgage** is [sic] claim will be stripped and paid as unsecured below as there is no value to attach to the real estate above the first mortgage and pro rated real estate tax. Said lien shall be retained on the property until Discharge at which time Creditor shall release the lien.

[Doc. # 2, ¶ 2(b)(2) (emphasis in original)].  The Plan then provides that the "Trustee shall pay 30% of all unsecured claims duly proved and allowed.  Said percentage to be reviewed after the claims bar date. . . ." [*Id.* at ¶ 2(c)].

The legal basis for Debtors' proposed treatment of PHH's claim is *Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir. 2002).  In *Lane*, the value of debtors' home was less than the balance due on the first mortgage encumbering it. Debtors' Chapter 13 plan proposed paying a junior mortgage holder only as an unsecured claimant because its lien was valueless. The junior mortgage holder whose lien on debtors' home was valueless objected to confirmation of the Chapter 13 plan treating its claim as unsecured. In overruling the junior mortgage holder's objection to the plan, the Sixth Circuit addressed the interplay between 11 U.S.C. §§ 506(a) and 1322(b)(2).  *Id.* at 665-69.

2

On May 10, 2011, PHH filed its objection to confirmation. [Doc. # 17]. Although the objection inconsistently referred to its mortgage interest as both the first and best lien on Debtors' residential real estate and a junior mortgage, PHH objected to Debtors' Chapter 13 plan to the extent that it proposed to treat its claim as wholly unsecured and extinguish its mortgage upon completion of the plan and Debtors' discharge. As PHH noted in its objection to confirmation, the value of Debtors' property was thus squarely at issue under the proposed plan and that it was investigating the value to determine whether there was sufficient equity to protect its mortgage as a secured claim under *Lane*. The Chapter 13 Trustee also filed an objection to confirmation on the ground that Debtors did not propose to pay projected disposable income to unsecured creditors. Because of the pending objections, the court set a contested evidentiary confirmation hearing on the proposed plan to be held on September 8, 2011. The order setting the hearing was entered on June 9, 2011. [Doc. # 26].

At the time set for the contested evidentiary hearing, Debtors and the Trustee reported that an agreed entry resolving the projected disposable income issue would be submitted to the court within 14 days. [Doc. # 41]. There was no appearance on behalf of PHH at the contested evidentiary confirmation hearing on September 8, 2011. [*Id.*]. The court entered on September 9, 2011, a separate order overruling PHH's objection to confirmation on both procedural and substantive grounds. [Doc. # 40]. On September 19, 2011, Debtors' proposed Chapter 13 plan was amended to provide for payment of 100% of all allowed unsecured claims. [Doc. # 43]. After submission of the agreed order on disposable income, the court entered its order confirming Debtors' proposed plan on October 11, 2011. [Doc. # 48].

In the meantime, the August 8, 2011, deadline for filing unsecured claims passed. PHH electronically filed a proof of claim form on August 10, 2011. Its claim was docketed as Claim No. 22-1 on the court's claims register. The claim was filed as a fully secured claim in the amount of $124,900.05, asserting an arrearage of $16,832.72 and that the value of Debtors' property was $245,500.00. The line for "Amount Unsecured" was left blank. PHH electronically filed an amendment to its proof of claim on October 10, 2011. The only apparent change on the form itself is the reduction of the arrearage amount to $16,089.20. The line for "Amount Unsecured" was again left blank. The amended proof of claim form was docketed as Claim No. 22-2. That same day of October 10, 2011, PHH filed another amended proof of claim form docketed as Claim No. 22-3 on the Claims Register. The second amended proof of claim appears from the form itself to be a duplicate of the first amended claim form filed earlier on October 10, 2011.

On August 12, 2011, Debtors commenced an adversary proceeding against PHH. Their Complaint for Release of Mortgage Lien, docketed as Adv Pro. No. 11-03168, sought to strip PHH's junior mortgage

3

from their residential real property as provided in their proposed Chapter 13 Plan under the legal theory validated by the Sixth Circuit in *Lane.* PHH answered the complaint by asserting its lien on the property, which it alleged in its answer to be worth approximately $250,000, thereby affording sufficient equity to prevent its junior mortgage from being stripped. [Adv. Pro. No. 11-03168, Doc. # 2, ¶ 3]. After two pretrial conferences were held, and after the court entered its orders overruling PHH's objection to confirmation and confirming Debtors' Chapter 13 plan, the parties submitted their Stipulation of Dismissal and Agreed Order Resolving Adversary Proceeding to the court. The court signed and docketed the agreed entry on December 15, 2011. [*Id.* at Doc. ## 11,12]. The dismissal entry provides in total as follows:

> This matter came to be considered on the Plaintiffs' Adversary proceeding to determine the Validity, Priority, or Extent of Lien or Other interest in Property. Now come Plaintiffs, by and through counsel, and Defendant, by and through counsel, and both hereby stipulate to the dismissal of this action, with prejudice. The parties have entered into an agreement resolving the proceeding. IT IS, THEREFORE, ORDERED: The lien on mortgage held by PHH Mortgage Corporation will be treated as an unsecured creditor and the lien will be stripped upon successful completion of the pending Chapter 13 Plan.

[*Id.*].

Debtors thereafter filed their objection to PHH's claim(s) on the basis that it was late-filed after the August 8, 2011, bar date. For its part, PHH rests on the above dismissal entry as entitling it to participate in Debtors' confirmed Chapter 13 Plan as an unsecured creditor regardless of whether its claim was filed late.

There is no factual dispute that PHH filed its original proof of claim late, two days after the bar date had passed. Rather the issue raised by PHH is whether the subsequent adversary proceeding dismissal entry in which PHH stipulates to its lien being stripped upon plan completion and Debtors stipulate to its treatment as an "unsecured creditor" overcomes the tardiness of the proof of claim and entitles it to participate in distributions to the class of unsecured creditors under Debtors' confirmed plan. The court finds that it does not.

Section 501 of the Bankruptcy Code provides for the filing of proof of a claim by a creditor. 11 U.S.C. § 501(a). In turn § 502 of the Bankruptcy Code specifies that "[a] proof of claim, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest...objects." 11 U.S.C. § 502(a). With certain exceptions not applicable here, § 502(b) provides that a claim shall be disallowed where "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). These Bankruptcy Code provisions are implemented by Rule 3002(a) of the Federal Rules of Bankruptcy Procedure, which states that "[a]n unsecured creditor. . .must file a proof of claim or interest for the claim or interest to be allowed, except as

4

provided in Rules 1019(3), 3003, 3004 and 3005," none of which apply in this case. Fed. R. Bankr. P. 3002(a). *PCFS Financial v. Spragin (In re Nowak)*, 586 F.3d 450, 454 (6th Cir. 2009). Bankruptcy Rule 3002(c) also establishes the deadline for filing a proof of claim. In a Chapter 13 case the deadline is 90 days after the first date set for the meeting of creditors, Fed. R. Bankr. P. 3002(c), which deadline in this case was the August 8, 2011, date specified by the Clerk in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines. [*See* Doc. # 7]. The court may not allow a proof of claim filed beyond the 90 days unless one of the exceptions set forth in Rule 3002(c) applies. *See* Fed. R. Bankr. P. 9006(b)(3); *Americredit Final Servs. v. Durham (In re Durham)*, 329 B.R. 899, 902 (Bankr. M.D. Ga. 2005).

PHH's reliance on the dismissal entry in the adversary proceeding as entitling it to participate in Debtors' confirmed Chapter 13 Plan as an unsecured creditor draws into question the applicability in this case of the exception set forth in Rule 3002(c)(3), which states in relevant part as follows:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property....

Fed. R. Bankr. P. 3002(c)(3).

The parties' dismissal entry in the adversary proceeding provides for the stripping of PHH's lien under *Lane* conditioned upon Debtors' completion of their plan and discharges, which have not occurred yet. However, as explained below, to the extent that the agreed entry can be construed as a "judgment" that "denies or avoids the entity's interest in property," PHH's unsecured claim in this case does not arise or become allowable as a result of the judgment such that it could rely upon an interpretation of the exception in Rule 3002(c)(3) as providing it an extension of the claims bar date.

The court finds the Sixth Circuit's analysis in *Lane* instructive in determining the status of PHH's claim (*i.e.* secured or unsecured) at the commencement of Debtors' bankruptcy case. The Sixth Circuit noted that "secured claims" and "unsecured claims" are terms of art in the Bankruptcy Code and that § 506(a) is the starting point in the analysis of the status of a claim. *Lane*, 280 F.3d at 667-68. Section 506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." 11 U.S.C. § 506(a). Thus, the Sixth Circuit explained that "[w]hether a lien claimant is the holder of a 'secured claim' or an 'unsecured claim' depends, thanks to § 506(a), on whether the claimant's security interest has any actual 'value.'" *Lane*, 280 F.3d at 669. "If a

claimant's lien on the debtor's homestead has no value at all, . . . the claimant holds an 'unsecured claim. . . ." *Id.*

In this case, in overruling PHH's objection to confirmation of Debtors' Chapter 13 plan, the court applied § 506(a) and made a factual determination that the value of Debtors' home was less than the balance due on a mortgage that was recorded prior in time to PHH's mortgage and, as such, that PHH's junior mortgage lien had no value since there was no equity in Debtors' home to which its interest could attach. [Doc. # 40, pp. 2-3]. The court's conclusion in overruling PHH's objection was thus based on the fact that PHH's claim lacked secured status at commencement of the case such that Debtor's plan could properly treat it as an unsecured creditor. The unsecured nature of PHH's claim thus arises as a result of the value of its collateral and the fact that its interest in that collateral, *i.e.* Debtors' home, has no economic value. *See Lane*, 280 F.3d at 669; *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606, 613 (3d Cir. 2000) ("a claim not secured by any current value in the specified collateral is deemed an unsecured claim"). Its unsecured claim does not arise as a result of the agreed entry dismissing the adversary proceeding commenced by Debtors.

The court distinguishes this case from cases where, for example, a lien that has attached to collateral is avoided as impairing an exemption under § 522(f), as a preference under § 547, or under § 544 where the lien is defective, *see In re Nowak*, 586 F.3d at 453 (under § 544, Trustee avoided mortgage as invalid due to execution defects, "causing PCFS to become an unsecured creditor"); *In re Int'l Diamond Exch. Jewelers, Inc.*, 188 B.R. 386, 391 (Bankr. S. D. Ohio 1995)("The provisions of Bankruptcy Rule 3002(c)(3) govern the filing of all claims arising post-petition as a result of a recovery by the trustee."). Unlike PHH, lienholders in each of those situations hold a secured claim unless and until the lien is avoided. An unsecured claim then arises in such lienholders' favor as a result of the judgment avoiding their lien. *Id.* at 456 (creditor loses its secured status when a trustee avoids a lien under § 544). PHH's claim, on the other hand, is unsecured as a result of its interest in Debtors' home having no value at commencement of the case. *See Lane*, 280 F.3d at 668 (rejecting the minority position where courts "proceed as if the phrase 'holders of unsecured claims' meant nothing more than claimants without any liens"); *cf. In re Brooks*, 370 B.R. 194, 199-200 (Bankr. C.D. Ill. 2007)(in Chapter 13 case involving unsecured deficiency balance, Rule 3002(c) claims filing deadline applies equally to the undersecured component of an undersecured claim as well as to entirely unsecured claims).

In light of the foregoing, the court finds that PHH was required to file a proof of claim within the ninety-day deadline set forth in Rule 3002(c), which deadline was August 8, 2011, in order to participate

in distributions to unsecured creditors in Debtors' Chapter 13 case. PHH did not file its claim until August 10, 2011. The court has authority to enlarge the time for unsecured creditors to file proofs of claim only to the extent and under the conditions stated in Rule 3002(c). Fed. R. Bankr. P. 9006(b)(3). As discussed above, the agreed entry dismissing the adversary proceeding does not provide PHH an exception under § 3002(c)(3) from the August 8 deadline. As no other exception under § 3002(c) applies, the court will sustain Debtors' objection to PHH's claim as untimely filed.

The court will enter a separate order in accordance with this Memorandum of Decision.

###